1 | Charles G. Miller, State Bar No. 39272
2 | BARTKO, ZANKEL, TARRANT & MILLER
  | A Professional Corporation
3 | 900 Front Street, Suite 300
  | San Francisco, California 94111
  | Telephone:     (415) 956-1900
4 | Facsimile:      (415) 956-1152

5 | Lane Fisher, PA State Bar No. 57199
  | FISHER ZUCKER LLC
6 | 21 South 21st Street
  | Philadelphia, PA 19103
7 | Telephone:     (215) 825-3130
  | Facsimile:      (215) 825-3100

8 | Attorneys for Defendants
9 | CERTA PROPAINTERS, LTD.,
  | CERTAPRO PAINTERS COMMERCIAL SERVICES,
10 | CERTAPRO PAINTERS, LTD.,
  | and THE FRANCHISE COMPANY (U.S.) INC.

**2009 DEC -9 PM 2:20**

**FILED**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

# CV09-9042   CAS (RCx)

ROBERT MURPHY, an individual,

    Plaintiff,

    v.

CERTA PROPAINTERS, LTD., a
Massachusetts domestic profit corporation;
CERTAPRO PAINTERS COMMERCIAL
SERVICES, a business entity unknown;
CERTAPRO PAINTERS, LTD., a business
entity unknown; THE FRANCHISE COMPANY
(U.S.) INC., a business entity unknown; and
DOES 1-25, inclusive,

    Defendants.

Case No.

**NOTICE OF REMOVAL OF STATE
COURT ACTION (Complaint for (1)
Breach of Contract (2) Breach of the
Implied Covenant of Good Faith and
Fair Dealing (3) Fraud (4) Negligent
Misrepresentation (5) Fraud in the
Inducement (6) Unfair Competition
[Cal. Bus. & Prof. Code § 17200 et seq.
(7) Injunctive Relief and (8)
Declaratory Relief**

BY FAX

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

    Please take notice that defendants Certa ProPainters, Ltd., CertaPro Painters

Commercial Services, CertaPro Painters, Ltd. and The Franchise Company (U.S.), Inc.,

-1-

NOTICE OF REMOVAL OF STATE COURT ACTION
Case No.: _____

1   (collectively, "Defendants") remove this action pursuant to 28 U.S.C. § 1446, and in support of the

2   removal, state as follows:

3        1.    Defendants are the defendants in a civil action brought in the Superior Court

4   of California for the County of Ventura, captioned *Robert Murphy v. Certa ProPainters, Ltd.,*

5   *CertaPro Painters Commercial Services, CertaPro Painters, Ltd. and The Franchise Company*

6   *(U.S.), Inc.*, No. 56-2009-00354866-CU-BC-VTA.

7        2.    This action was commenced on August 5, 2009.  Certain Defendants were

8   purportedly served with the Summons and Complaint on November 10, 2009, although the

9   plaintiff has since claimed that such "service" was simply providing courtesy copies to some of the

10   Defendants.  A copy of the Summons and Complaint are attached to this Notice.  The Complaint

11   constitutes all process and orders received by the Defendants in this action.

12        3.    This action is removable pursuant to 28 U.S.C. § 1441.  This Court has

13   original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds

14   $75,000, exclusive of interests and costs, and is between citizens of different states.

15        4.    In support of its averment that the action is between citizens of different

16   states, the Defendants state as follows:

17        a.    According to the plaintiff's Complaint, the plaintiff, Robert Murphy

18   ("Murphy"), is an individual and citizen of the State of California.

19        b.    Defendant Certa ProPainters, Ltd. ("CertaPro") is a Massachusetts

20   corporation with its principal place of business located at 150 Green Tree Road, Suite 1003, Oaks,

21   Pennsylvania.  Defendants CertaPro Painters Commercial Services and CertaPro Painters, Ltd. are

22   fictitious names of CertaPro.

23        c.    Defendant The Franchise Company (U.S.), Inc. is a Delaware

24   corporation with its principal place of business located at 5397 Eglington Avenue West, Suite 108,

25   Etobicoke, Ontario, Canada.

26        5.    In support of its averment that the matter in controversy exceeds $75,000,

27   the Defendants state as follows:

28

BARTKO ZANKEL
Bartko · Zankel · Gammond · Miller · Lowell & Hanneman, Inc. · of Counsel
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

-2-

NOTICE OF REMOVAL OF STATE COURT ACTION
Case No.: _____

a.     CertaPro is the national franchisor of CertaPro Painters franchises, which offer painting, decorating and related services to certain customers.  As of its most recent fiscal year ended December 31, 2008, CertaPro had 319 franchisees operating in 43 states.  Each franchise is owned, established and operated in strict compliance with a franchise agreement entered into between CertaPro and each franchisee.

b.     On or about on December 31, 2004, Murphy and CertaPro entered into a franchise agreement (the "Franchise Agreement") for a territory identified as Santa Barbara, CA.

c.     In the Complaint, Murphy contends that CertaPro has breached its franchise agreement with him and made pre-sale misrepresentations to him with respect to his ability to obtain and perform certain commercial work within his territory and seeks damages and rescission of the Franchise Agreement.

d.     At the time Murphy entered into the Franchise Agreement, CertaPro estimated that a franchisee's initial investment ranged between $76,200 to $94,240, which Murphy is seeking to recover.

e.     Indeed, the plaintiff's counsel has stated on several occasions that his client has been damaged in an amount approximating $200,000.

6.     This Notice of Removal is filed within 30 days of purportedly being served with a copy of the Summons and Complaint.

7.     Defendants will give written notice of the filing of this Notice of Removal to the plaintiff and to the Clerk of the Superior Court of California for Ventura County as required by 28 U.S.C. § 1446(d).

-3-

BARTKOZANKEL
Bartko Zankel Tarrant & Miller A Professional Law Corporation
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

1    WHEREFORE, Defendants request that this action proceed in this Court as an

2  action properly removed to this Court.

3  DATED:  December 9, 2009

4
                                                    BARTKO, ZANKEL, TARRANT & MILLER
5                                                   A Professional Corporation

6
                                                    By _____
7                                                            Charles G. Miller
                                                          Attorneys for Defendants
8                                                     CERTA PROPAINTERS, LTD.,
                                                     CERTAPRO PAINTERS COMMERCIAL
9                                                    SERVICES, CERTAPRO PAINTERS, LTD., and
                                                     THE FRANCHISE COMPANY (U.S.) INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARTKO ZANKEL
Bartko Zankel Tarrant Miller Lorch & Newman Inc. or Counsel
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

-4-

# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

VENTURA
SUPERIOR COURT
**FILED**

AUG 05 2009

MICHAEL D. PLANET
Executive Officer and Clerk

BY: _____, Deputy

M. AKUNA

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

CERTA PROPAINTERS, LTD, a Massachusetts domestic profit corporation; "Additional Parties Attachment Form is Attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

ROBERT MURPHY, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):

CASE NUMBER:
56-2009-00354866-CU-BC-VTA

Superior Court of California, County of Ventura
800 S. Victoria Ave., Ventura, CA, 93009

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Al Mohajerian, Esq., Mohajerian Inc., 1925 Century Park East, Suite 350, L.A., CA 90067; 310-556-3800

DATE: AUG 05 2009
(Fecha)

Clerk, by MICHAEL PLANET
(Secretario)
M. AKUNA
, Deputy
(Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

302.091.2.3

1   MOHAJERIAN, INC.
    AL MOHAJERIAN, ESQ., CSBN 1~~~~~~~~~~~~
2   DARREN P. SALUTE, ESQ., CSBN ~~~~~~~
    TRAVIS R. EAGAN, ESQ., CSBN 219222
3   A Professional Law Corporation
    1925 Century Park East, Suite 350
4   Los Angeles, California 90067
    Tel: (310) 556-3800/Fax: (310) 556-3817
5
6   Attorneys for Plaintiff, ROBERT MURPHY,
    an individual.
7

U.C.M./TRACK ASSIGNMENT
☐ UNLAWFUL DETAINER
☐ ECONOMIC
☐ STANDARD
UNINSURED MOTORIST
READ THE VENTURA COUNTY
LOCAL RULES THAT GOVERN
COMPLIANCE WITH FAST TRACT
ASSIGNED COURT_____ 40

*Case assigned Dept. 40*

VENTURA
SUPERIOR COURT
FILED

AUG 05 2009

MICHAEL D. PLANET
Executive Officer and Clerk

BY:_____, Deputy
M. AKUNA

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA,

10                    FOR THE COUNTY OF VENTURA

11

12                                          56-2009-00354866-CU-BC-VTA

13  ROBERT MURPHY, an individual,          ) CASE NO.:
                                           )
14                                         )
                 Plaintiff,                ) COMPLAINT FOR:
15                                         )
         v.                                )
16                                         ) (1) BREACH OF CONTRACT;
                                           ) (2) BREACH OF THE IMPLIED
17  CERTA PROPAINTERS, LTD., a             )     COVENANT OF GOOD FAITH AND
    Massachusetts domestic profit corporation; )  FAIR DEALING;
18  CERTAPRO PAINTERS COMMERCIAL          ) (3) FRAUD;
    SERVICES, a business entity unknown;   ) (4) NEGLIGENT
19  CERTAPRO PAINTERS, LTD., a business    )     MISREPRESENTATION;
    entity unknown; THE FRANCHISE          ) (5) FRAUD IN THE INDUCEMENT;
20  COMPANY (U.S.) INC., a business entity )  (6) UNFAIR COMPETITION *CAL. BUS. &*
    unknown; and, DOES 1-25, inclusive,    )     *PROF. CODE* § 17200, *et seq.*;
21                                         ) (7) INJUNCTIVE RELIEF; and
                 Defendants.               ) (8) DECLARATORY RELIEF;
22                                         )
                                           )
23  _____)

24                                          (UNLIMITED CIVIL CASE)

25                                          REQUEST FOR JURY TRIAL

26

27

28       Plaintiff, Robert Murphy, (hereinafter sometimes referred to as "MURPHY" and/or

    "Plaintiff") an individual, through undersigned counsel, hereby brings this action against defendant

    Z:\files\302.091\2\302.091.2.3.rtf

                              COMPLAINT
                                  1

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

MOHAJERIAN, INC.
AL MOHAJERIAN, ESQ., CSBN 182013
DARREN P. SALUTE, ESQ., CSBN 175285
TRAVIS R. EAGAN, ESQ., CSBN 219222
A Professional Law Corporation
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel: (310) 556-3800/Fax: (310) 556-3817

Attorneys for Plaintiff, ROBERT MURPHY,
an individual.

SUPERIOR COURT OF THE STATE OF CALIFORNIA,

FOR THE COUNTY OF VENTURA

ROBERT MURPHY, an individual,                )   CASE NO.:
                                             )
                    Plaintiff,               )   COMPLAINT FOR:
                                             )
        v.                                   )
                                             )   (1) BREACH OF CONTRACT;
CERTA PROPAINTERS, LTD., a                    )   (2) BREACH OF THE IMPLIED
Massachusetts domestic profit corporation;   )       COVENANT OF GOOD FAITH AND
CERTAPRO PAINTERS COMMERCIAL                  )       FAIR DEALING;
SERVICES, a business entity unknown;          )   (3) FRAUD;
CERTAPRO PAINTERS, LTD., a business           )   (4) NEGLIGENT
entity unknown; THE FRANCHISE                 )       MISREPRESENTATION ;
COMPANY (U.S.) INC., a business entity        )   (5) FRAUD IN THE INDUCEMENT ;
unknown; and, DOES 1-25, inclusive,           )   (6) UNFAIR COMPETITION *CAL. BUS. &*
                                             )       *PROF. CODE* § 17200, *et seq.*;
                    Defendants.               )   (7) INJUNCTIVE RELIEF; and
                                             )   (8) DECLARATORY RELIEF;
─────────────────────────────────────────────)
                                                 (UNLIMITED CIVIL CASE)

                                                 REQUEST FOR JURY TRIAL


        Plaintiff, Robert Murphy, (hereinafter sometimes referred to as "MURPHY" and/or

"Plaintiff") an individual, through undersigned counsel, hereby brings this action against defendant

Z:\files\302.091\2\302.091.2.3.rtf

**COMPLAINT**

1

1  CERTA PROPAINTERS, LTD., a Massachusetts domestic profit corporation, CERTAPRO

2  PAINTERS COMMERCIAL SERVICES, a business entity unknown, CERTAPRO PAINTERS,

3  LTD., a business entity unknown, and/or DOES 1-25, and each of them, (collectively referred to

4  herein as "DEFENDANTS") for (1) Breach of Contract, (2) Breach of the Covenant of Good Faith

5  and Fair Dealing, (3) Fraud, (4) Negligent Misrepresentation, (5) Fraud in the Inducement (6)

6  Unfair Competition under *California Business and Professions Code* § 17200, *et seq.*, (7)

7  Injunctive Relief and (8) Declaratory Relief and in support thereof, avers as follows:

8

9  ## PARTIES AND VENUE

10

11     1.     Plaintiff MURPHY is an individual residing in the County of Ventura, State of

12  California.  MURPHY is the owner of a Certa ProPainters franchise doing business in the City of

13  Santa Barbara, Santa Barbara County, California.

14

15

16     2.     Plaintiff MURPHY alleges on information and belief that defendant CERTA

17  PROPAINTERS, LTD., (sometimes referred to as "CERTA") is a Massachusetts domestic profit

18  corporation doing business in the County of Ventura, State of California.

19

20     3.     Plaintiff MURPHY alleges on information and belief that defendant CERTAPRO

21  PAINTERS, LTD., a business entity unknown, is an alter ego of defendant CERTA doing business

22  in the County of Ventura, State of California.

23

24

25     4.     Plaintiff MURPHY alleges on information and belief that defendant CERTAPRO

26  PAINTERS COMMERCIAL SERVICES, a business entity unknown, is an alter ego of defendant

27  CERTA doing business in the County of Ventura, State of California.

28

Z:\files\302.091\2\302.091.2.3.rtf

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX (310) 556-3817

5.     Plaintiff MURPHY alleges on information and belief that CERTA is a subsidiary of defendant THE FRANCHISE COMPANY (U.S.) INC., a business entity unknown.

6.     Defendants   CERTA   PROPAINTERS,   LTD.,   CERTAPRO   PAINTERS COMMERCIAL SERVICES, CERTAPRO PAINTERS, LTD., THE FRANCHISE COMPANY (U.S.) INC., and, DOES 1-25, and each of them, are sometimes collectively referred to as the "Defendants".

7.     Defendants named herein as DOES 1-25, inclusive, are named pursuant to California *Code of Civil Procedure* § 474.  The names and capacities of the DOES 1-25, and each of them are unknown to MURPHY and MURPHY is ignorant of their true identities.  Additionally, the specific acts giving rise to the cause of action alleged against said DOE defendants are unknown to MURPHY, who therefore sues them by such fictitious names.  This Complaint will be amended to show the true names and capacities of the DOE defendants, and each of them, when ascertained.

8.     MURPHY is informed and believes, and on that basis alleges, that at all times mentioned herein, the Defendants and DOES 1-25, and each of them, were the agents, servants, employees, subsidiaries, and representatives of each remaining defendant, and in doing the things alleged in this Complaint were acting within the course, scope, purpose and authority of that agency, representation and employment.

9.     Venue is proper in this county as each of the acts and events, including, without limitation, the execution of the subject adhesion contract and fraudulent representations (see below)

Z:\files\302.091\2\302.091.2.3.rtf

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

as well as the damages alleged herein occurred in Ventura County, California.  Further, plaintiff MURPHY is domiciled in Ventura County and Defendants, and each of them, do business in Ventura County.  In addition, *Cal. Corp. Code* § 31001 (the California Franchise Investment Law) and California common law evidences that the State of California has a strong public policy interest in Franchises that are sold in California to California residents which are operated in California. Moreover, the Franchise Agreement (see below) choice of law provision calls for the application of Pennsylvania Law which is contrary to a fundamental policy of California that is embodied in those laws and Plaintiff, MURPHY alleges and claims the need for protection against the Defendants' misrepresentations and other unfair practices.  [See *It's Just Lunch Int'l Llc v. Island Park Enter. Group, Inc.* (2008, CD Cal) 2008 US Dist LEXIS 89194 - using a California choice of law analysis, a choice of law provision in a franchise agreement requiring application of Nevada law was not enforced as to a counterclaim alleging a violation of the California Franchise Investment Law, *Cal. Corp. Code* § 31001, and the New York Franchise Sales Act, *N.Y. Gen. Bus. Law* § 681 et seq., because, while a franchisor showed a substantial relationship with Nevada given that it was a Nevada limited liability company, Nevada's law was contrary to a fundamental policy of California that was embodied in those laws; the franchisee claimed the need for protection against the franchisor's misrepresentations and other unfair practices.]

10.     Jurisdiction is proper before this Court under *Cal. Code Civ. Proc.* §410.10.  This is an action at law, and the amount in controversy, exclusive of interest, is in excess of $25,000.00, *Cal. Code Civ. Proc.* § 86.  In addition, the Franchise Agreement (see below) is an adhesion contract and the arbitration provision contained therein is procedurally and substantively unconscionable.   That is, the subject arbitration provision did not and does not fall within the reasonable expectations of MURPHY and it is unduly oppressive and unconscionable.  Under

Z:\files\302.091\2\302.091.2.3.rtf

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

California law, an arbitration provision contained in an adhesion contract will not be enforced if it does not fall within the reasonable expectations of the adhering party or if it is unduly oppressive or unconscionable.  [See *Graham v. Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 820; *Bruni v. Didion* (2008) 160 Cal.App.4th 1272, 1288; *Murphy v. Check 'N Go of California, Inc.* (2007) 156 Cal.App.4th 138, 145; *Fittante v. Palm Springs Motors, Inc.* (2003) 105 Cal.App.4th 708; *Patterson v. ITT Consumer Financial Corp.* (1993) 14 Cal.App.4th 1659, 1664, cert. denied, 510 U.S. 1176 (1994); *Parr v. Superior Court* (1983) 139 Cal.App.3d 440, 445.]  In addition, judicial refusal to enforce an arbitration clause clearly unconscionable under a general contract law principle not at all hostile to arbitration presents no obstacle to the objective of the FAA, and is not preempted by the FAA.  [See *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 119; *Gutierrez v. Autowest, Inc.* (2004) 114 Cal.App.4th 77, 86; *Flores v. Transamerica HomeFirst, Inc.* (2001) 93 Cal.App.4th 846, 856.]

## FACTUAL BACKGROUND

11.   This action is based in part on the adhesion contract between CERTA as franchisor and MURPHY as franchisee whereby CERTA promoted their unknown trade name and logo in California in a scheme to sell MURPHY a pipe dream of profits in order to bilk him out of his life savings.

12.   Plaintiff MURPHY has been operating as an exclusive Certa ProPainter franchise in Santa Barbara County, California continuously for approximately five (5) years, since entering into a Franchise Agreement with CERTA on or about January 31, 2004.   (A true and correct copy of the "Franchise Agreement" is attached hereto as **Exhibit "A"** and incorporated herein by this

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf

reference).

13.    Per the terms of the Franchise Agreement, MURPHY was required, and did, pay to CERTA and DOES 1-25, and each of them, an Initial Fee of Forty Thousand Dollars ($40,000.00).

14.    In addition, MURPHY was required to pay CERTA a Minimum Royalty Fee of Twenty Thousand Dollars ($20,000.00) the year immediately following the second anniversary of the Franchise Agreement.

15.    MURPHY is required to pay CERTA, and/or DOES 1-25, and each of them, a continuing Royalty Fee in an amount equal to a percentage of his gross sales as follows:

    i.   5% on the first $500,000 Gross Sales in a calendar year;

    ii.  4% of the next $500,000 of Gross Sales in a calendar year; and

    iii. 2% on all Gross Sales over $1,000,000 in a calendar year.

16.    Plaintiff MURPHY alleges on information and belief, that CERTA is a close corporation franchisor of, without limitation, painting franchises going by the name of "Certa ProPainters". On further information and belief, plaintiff MURPHY alleges that CERTA, and DOES 1-25, and each of them, are the owners of the following competing franchises and/or businesses doing business in MURPHY's exclusive franchise territory:

    •    College Pro Painters, Ltd; and,

    •    Certa Services International ("CSI"), unlicensed contractor doing business in California.

MOHAJERIAN LAW INC.
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf

17.     CERTA furnished MURPHY with a Uniform Franchise Offering Circular ("UFOC") (the equivalent of today's Franchise Disclosure Document).  The UFOC, however, in violation of State and Federal laws, failed to reveal either the existence of CSI or that CERTA intended CSI to be set up in Plaintiff's purported exclusive territory as a direct competitor to Plaintiff's business.

18.     The UFOC states that "[CERTA] is a subsidiary of The Franchise Company (U.S.) Inc. The Franchise Company (U.S.) Inc. absolutely and unconditionally guarantees [CERTA's] obligations under the Franchise Agreement."  (A true and correct copy of the UFOC is attached hereto as **EXHIBIT "B"** and incorporated herein.)

19.     Plaintiff MURPHY is informed and believes and based thereon alleges that the definition of his franchise's purportedly exclusive territory is illusory, inadequately defined, vague, ambiguous, confusing and misleading.  CERTA, and/or DOES 1-25, and each of them, purport to give MURPHY an "exclusive territory", but it does not via exceptions and exclusions granting to CERTA the right to allow other Franchisees to perform, accept and undertake projects within MURPHY's purported exclusive territory.  As a result, MURPHY enjoys no real exclusivity.

20.     Plaintiff MURPHY further alleges that the Franchise Agreement unconscionably limits his ability to seek business clients/customers by arbitrarily limiting the aggregate amount of commercial services he may provide to $15,000 per project (see below).

21.     MURPHY also alleges that after he invested his savings in purchasing the subject franchise, CERTA unilaterally altered the terms of the Franchise Agreement by requiring him to issue bids in his purportedly exclusive territory through defendant CSI who charges MURPHY an

Z:\files\302.091\2\302.091.2.3.rtf

MOHAJERIAN LAW INC.
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

1    exorbitant and un-bargained-for eight percent (8%) fee.

2

3        22.    Plaintiff MURPHY, in entering into the Franchise Agreement and purchasing a

4    Certa ProPainters Franchise, was led to believe that he, as the licensed contractor, would be in

5    charge of soliciting work from customers in an exclusive territory for painting homes, offices

6    and/or businesses and would issue his own estimates for the work.

7

8

9        23.    Plaintiff MURPHY further alleges on information and belief that in order to perform

10   commercial work of an amount greater then $15,000, he would have to pay CERTA, and/or DOES

11   1-25, and each of them a one-time non-refundable Commercial Services Licensing Fee of $5,000

12   for additional training to become Commercial Services Qualified by CERTA.  This is required by

13   CERTA, despite the fact that MURPHY is a fully licensed contractor in the State of California

14   which, by law, grants him the right to conduct services for residential and commercial clients and

15   does not require that he receive any further training.

16

17

18       24.    Plaintiff MURPHY is informed and believes and based thereon alleges that CERTA,

19   and/or DOES 1-25, and each of them, failed to inform him prior to entering into the Franchise

20   Agreement that CERTA had one (1) or two (2) failed franchises within close proximity to

21   Plaintiff's supposed exclusive territory.  Plaintiff MURPHY is informed and believes and based

22   thereon alleges that these failed franchises created a negative opinion of CERTA in the area

23   surrounding MURPHY's franchise.  The UFOC failed to disclose that these failed franchises

24   existed and failed to disclose that they were located near MURPHY's purported exclusive territory.

25   Moreover, the negative opinion of CERTA which this created has and continues to have a

26   significant, negative impact on MURPHY's ability to generate business.  In addition, CERTA

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3600 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf

1  failed to provide MURPHY with assistance in his efforts and attempts to change the public's

2  negative opinion of CERTA.

3

4      25.    Plaintiff MURPHY alleges that CERTA, and/or DOES 1-25, and each of them,

5  agreed to grant MURPHY an exclusive territory pursuant to Paragraph 1.2 of the Franchise

6

7  Agreement which states: "[E]xcept as provided in this Agreement and so long as Franchisee is in

8  substantial compliance with the terms and conditions of this Agreement, Certa Pro agrees not to

9  locate another Certa Pro Franchise within the Franchisees Territory for the duration of this

10  Agreement and any renewals thereof."

11

12

13      26.    Plaintiff MURPHY is informed and believes and on that basis alleges that at some

14  point after he entered into the Franchise Agreement and purchased the Certa ProPainters franchise,

15  CERTA opened a competing business called CSI in his purportedly exclusive territory.  MURPHY

16  was initially informed by CERTA that CSI would be beneficial to the expansion of his franchise

17  and that CSI would not be in direct competition with him because CSI would only be dealing with

18  "National Accounts" for large, multi-unit and multi-state companies.  Plaintiff is further informed

19

20  and believes and based thereon alleges that CSI is an unlicensed contractor.

21

22      27.    Plaintiff MURPHY is informed and believes and based thereon alleges that CSI was

23  brought into Plaintiff's purportedly exclusive territory to become a middleman between the

24  customers and the CERTA's franchisees.  Upon further information and belief, MURPHY alleges

25  that CERTA, and/or DOES 1-25, and each of them, intended to use CSI, an unlicensed contractor

26

27  in the State of California, to obtain bids, issue work estimates and work orders through MURPHY

28  and other franchisees in their respective territories.  Plaintiff is further informed and believes and

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL.: (310) 556-3800 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf

based thereon alleges that as a result of CSI'S activities, CERTA through CSI would end up controlling a substantial portion of the customer base and client lists in these territories, because the customers would not be dealing with the franchisees directly, but rather with CSI, which sits in place of the franchisor, CERTA.  As a result of CERTA and CSI'S actions, MURPHY has been unable to develop any significant good will within his purportedly exclusive territory and does not have client or customer control within his purportedly exclusive territory

28.    Plaintiff is informed and believes and based thereon alleges that CERTA, and/or DOES 1-25, and each of them, always intended to use MURPHY's license and insurance to develop its own business under the guise of selling Plaintiff and others a Certa ProPainters franchise.  Plaintiff is further informed and believes and based thereon alleges that because CSI is an unlicensed contractor in California, and in order to lawfully solicit business in California, CSI sent MURPHY to prospective job sites, on several occasions, to issue bids or estimates on CSI'S behalf.

29.    CERTA'S Franchise System and setting up CSI in Plaintiff's purportedly exclusive territory has turned MURPHY from an independent franchisee into a de facto employee or sub-contractor of CERTA and CSI which is not what Plaintiff intended to purchase.  Plaintiff is further informed and believes and based thereon alleges, adding insult to injury, that many of the jobs Plaintiff was sent on by CSI to issue bids and estimates were not even forwarded to him when the bids or estimates were accepted.  CSI gave them to competing businesses and other franchisees.

30.    Plaintiff MURPHY further alleges that CERTA, and/or DOES 1-25, and each of them, assured Plaintiff that work orders from CSI's "National Accounts", which were located in

Z:\files\302.091\2\302.091.2.3.rtf

MOHAJERIAN LAW INC.
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

Plaintiff MURPHY's purportedly exclusive territory, would be assigned to him exclusively. Plaintiff alleges that CERTA, and/or DOES 1-25, and each of them, definition of "National Account", however, is illusory, ambiguous, overbroad, and unlawfully restricts Plaintiff's efforts in commerce and in obtaining commercial accounts within his purportedly exclusive territory.

31.    CERTA defines an account as a "National Account" if the customer has more than one location and whose presence is not confined to any one particular franchisee's territory regardless of whether the services sought are below the $15,000 minimum.  As such, this definition unfairly restricts Plaintiff's ability to build his client and contacts lists and unfairly restricts his ability to conduct commerce within his purportedly exclusive territory.

32.    Plaintiff MURPHY is informed and believes and on that basis alleges that CSI quickly moved away from working exclusively to acquire National Accounts for CERTA and, in fact, began competing with Plaintiff MURPHY for local accounts, with local businesses in Plaintiff's purportedly exclusive territory, in violation of the terms of the Franchise Agreement.

33.    Plaintiff MURPHY further alleges on information and belief that CSI assigned work orders for many of its accounts in Plaintiff's purportedly exclusive territory to Plaintiff's competition thus giving economic support to Plaintiff's business competition and not to Plaintiff, all to the financial and economic detriment of Plaintiff.

34.    Plaintiff MURPHY further alleges on information and belief that CERTA and DOES 1-25, and each of them, represented to Plaintiff, prior to his entering into the Franchise Agreement, that CERTA had established contracts with large national firms like Wachovia Bank, McDonald's

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

1   restaurants, K-Mart Stores and Best Buy electronic stores and that MURPHY would receive all of

2   the work orders for these national firms for work located within his purportedly exclusive territory.

3   Plaintiff MURPHY alleges on information and belief, however, that assignments from these alleged

4   national accounts, if any existed, were not assigned to him, but were in fact assigned to CSI and/or

5   his competition in breach of the Franchise Agreement.

6

7

8       35.     Plaintiff MURPHY further alleges on information and belief that pursuant to

9   CERTA, and/or DOES 1-25's, inexperience, lack of nationally recognized brand, logo, or trade

10  name or established marketing program, CERTA, and/or DOES 1-25, and each of them,

11  underestimated the financial requirements of its franchisees and did not or could not provide the

12  support its California franchisees required.  Instead, CERTA, and/or DOES 1-25, and each of them,

13  overstated potential business opportunities through alleged contracts with nationally recognized

14  firms, understated the operational costs and allowed its franchisees to shoulder all the risks in the

15  pursuit of Franchise Fees to devastating results for MURPHY.

16

17

18      36.     Since entering into the Franchise Agreement, MURPHY has rarely received business

19  referrals from CERTA and has hardly ever received business referrals for nationally recognized

20  firms as previously represented by CERTA.  Further, any name recognition of CERTA created in

21  Plaintiff MURPHY's purportedly exclusive territory has been through the exhaustive and exclusive

22  expense and efforts of Plaintiff MURPHY, not through the efforts of defendant CERTA.

23

24      37.     Notwithstanding the limited referrals and higher than projected operation costs and

25  Royalty Fees, CERTA and/or DOES 1-25, and each of them, have and continue to fail to provide

26  experienced and professional assistance, support and marketing to plaintiff MURPHY, continue to

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf

maintain a competing business in violation of his purportedly exclusive territory, continue to make referrals to Plaintiff's competitors rather than to Plaintiff while charging him royalties as described above.

## FIRST CAUSE OF ACTION

### Breach of Contract - Damages

(Against Defendants CERTA PROPAINTERS, LTD., CERTAPRO PAINTERS COMMERCIAL SERVICES, CERTAPRO PAINTERS, LTD., THE FRANCHISE COMPANY (U.S.) INC., and DOES 1-25, and each of them)

38.     Plaintiff hereby realleges and incorporates by reference paragraphs 1-37 as though set forth in full herein.

39.     On or about January 31, 2004, plaintiff MURPHY and defendant CERTA entered into the Franchise Agreement attached hereto as Exhibit "A" and incorporated herein.

40.     Pursuant to the UFOC and/or Franchise Agreement, defendants CERTA, and/or DOES 1-25, and each of them, had the obligation, among other things, to:

(a)     Approve Plaintiff Murphy as a franchisee only upon finding his financial ability and liquidity to open a Certa ProPainters franchise in Santa Barbara, California;

(b)     Provide plaintiff MURPHY and his support staff with certified corporate training and ongoing support from members of its training and operations team;

(b)     Provide plaintiff MURPHY with favorable work orders from nationally know firms within Plaintiff's purportedly exclusive territory in order to further his profitability;

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf

(c)     Provide plaintiff MURPHY with a tested and proven marketing system and marketing and corporate support;

(d)     Provide plaintiff MURPHY with an accurate projection of costs to operate a Certa ProPainters franchise, and

(e)     Provide plaintiff MURPHY with an exclusive territory in which to operate his franchise.

41.     Defendants CERTA, and/or DOES 1-25, and each of them, breached the UFOC and/or Franchise Agreement as follows:

(a)     Approving plaintiff MURPHY as a franchisee when CERTA knew that he lacked the financial ability and liquidity to operate a Certa ProPainters franchise;

(b)     Failing to provide plaintiff MURPHY with an exclusive territory;

(c)     Artificially limiting plaintiff MURPHY's ability to obtain business for commercial jobs to projects over $15,000;

(d)     Failing to provide plaintiff MURPHY with work assignments from nationally known firms for painting jobs to be performed within his purportedly exclusive territory;

(e)     Defining the term "National Business" overly broad so as to encompass any businesses with two or more locations that are not found in the same territory rather than multi-unit businesses with locations throughout the country;

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

1        (f)    Establishing CSI which does not have a California State contractors license,

2   in Plaintiff's purportedly exclusive territory, without notice in the UFOC or the Franchise

3   Agreement, whose purpose was to act as a middleman between plaintiff MURPHY and prospective

4   clients in his purportedly exclusive territory;

5

6        (g)    Using Plaintiff's contractor's license and insurance to execute work bids and

7   estimates for CSI, all of which hindered Plaintiff's ability to generate good will and client and

8   contact lists within his purportedly exclusive territory;

9

10        (h)    Directly competeing with Plaintiff;

11

12        (i)    Outsourcing painting jobs located in Plaintiff's purportedly exclusive

13   territory to competitors of Plaintiff and not to Plaintiff.

14

15        (j)    Failing to provide plaintiff MURPHY with a tested and proven marketing

16   system and/or marketing and corporate support;

17

18        (k)    Failing to provide plaintiff MURPHY and/or his support staff with certified

19   corporate training and/or ongoing support from members of CERTA'S training and operations

20   team.

21        (l)    Failing to provide plaintiff MURPHY with an accurate projection of costs to

22   operate a Certa ProPainters Franchise in Santa Barbara, California, and

23

24        (m)    Failing to disclose two previous Certa Pro Painters franchises had failed

25   within close proximity to Plaintiff's purportedly exclusive territory.

26

27       42.    Plaintiff MURPHY has fully performed all of his obligations under the UFOC and

28   Franchise Agreement and to the extent MURPHY did not perform any of his obligations under the

1  Franchise Agreement, his performance was excused.

2

3      43.    As a direct result of Defendants' breaches, plaintiff MURPHY has suffered and will

4  continue to suffer damages in excess of the jurisdictional limits of this Court for which Defendants

5  are liable.

6

7

8                        **SECOND CAUSE OF ACTION**

   *Breach of the Implied Covenant of Good Faith and Fair Dealing*

9  **(Against Defendants CERTA PROPAINTERS, LTD., CERTAPRO PAINTERS**

10 **COMMERCIAL SERVICES, CERTAPRO PAINTERS, LTD., THE FRANCHISE**

11 **COMPANY (U.S.) INC., and DOES 1-25, and each of them)**

12

13     44.    Plaintiff hereby realleges and incorporates herein by reference paragraphs 1-43 as

14 though set forth in full herein.

15

16     45.    The UFOC and Franchise Agreement both contain the implied covenant of good

17 faith and fair dealing to prevent CERTA, and/or DOES 1-25, and each of them,  from engaging in

18 conduct that would injure or frustrate plaintiff MURPHY's rights to receive the benefits of the

19 agreements, a covenant to which CERTA was required to comply.

20     46.    Plaintiff MURPHY has fully performed all acts required of him under the terms of

21 the Franchise Agreement and to the extent MURPHY did not perform any of his obligations under

22 the Franchise Agreement, his nonperformance was excused.

23

24     47.    Based on the parties' relationship and the adhesive nature of the agreements between

25 the parties, plaintiff MURPHY placed special trust, confidence and reliance on CERTA, and/or

26 DOES 1-25, in becoming a Certa ProPainters franchisee.

27

28     48.    Defendants CERTA, and/or DOES 1-25, and each of them, breached the implied

Z:\files\302.091\2\302.091.2.3.rtf

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

1  covenant of good faith and fair dealing by preventing and frustrating plaintiff MURPHY from

2  receiving the benefits of the agreements and considering only its own interests by breaching the

3  Franchise Agreement and UFOC as alleged herein.

4

5     49.    Defendants' conduct was done consciously and deliberately and in furtherance of

6  Defendants' own interests to collect and pocket franchise, royalty and advertising fund fees and

7  keep customers and contacts within the exclusive control of CERTA while failing to act in good

8  faith towards plaintiff MURPHY, depriving him of his reasonable expectation to receive the

9  benefits of the agreements and denying him the ability to establish good will and a solid customer

10  base within his purportedly exclusive territory.

11

12     50.    As a direct result of Defendants' , breaches, plaintiff MURPHY has been injured

13  and frustrated in receiving the benefits of the agreements and has suffered and will continue to

14  suffer damages in excess of the jurisdictional limits of this court, in an amount to be proven at trial,

15  for which Defendants are liable.

16

17              **THIRD CAUSE OF ACTION**

18                  *Fraud*

19  **(Against Defendants CERTA PROPAINTERS, LTD., CERTAPRO PAINTERS**
**COMMERCIAL SERVICES, CERTAPRO PAINTERS, LTD., THE FRANCHISE**
20  **COMPANY (U.S.) INC., and DOES 1-25, and each of them)**

21

22     51.    Plaintiff hereby realleges and incorporates herein by reference paragraphs 1-50 as

23  though set forth in full herein.

24

25     52.    Defendants CERTA, and/or DOES 1-25, and each of them, willfully made material

26  misrepresentations and omissions of material facts as follows:

27

28

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf

1         (a)    Defendants represented that plaintiff MURPHY had the financial ability and

2    liquidity to operate a profitable Certa ProPainters franchise;

3

4         (b)    Defendants represented to plaintiff MURPHY that he would have an

5    exclusive territory in which no other CERTA Franchise or affiliated business would compete with

6    Plaintiff;

7

8         (c)    Failing to disclose that they would artificially limiting plaintiff MURPHY's

9    ability to obtain business for commercial jobs to projects over $15,000;

10

11        (d)    Representing that they would provide plaintiff MURPHY with work

12   assignments from nationally known firms for painting jobs to be performed within his purportedly

13   exclusive territory;

14

15        (e)    Failing to disclose that it would establish CSI in Plaintiff's purportedly

16   exclusive territory, whose purpose was to act as a middleman between plaintiff MURPHY and

17   prospective clients;

18

19        (g)    Failing to disclose that they would block Plaintiff's ability to generate good

20   will and client and contact lists within his purportedly exclusive territory;

21

22        (h)    Representing that they would not compete with Plaintiff;

23

24        (i)    Failing to disclose that they would outsource painting jobs located in

25   Plaintiff's purportedly exclusive territory to competitors of Plaintiff and not to Plaintiff.

26

27        (j)    Representing that they would provide plaintiff MURPHY with a tested and

28   proven marketing system and marketing and corporate support;

Z:\files\302.091\2\302.091.2.3.rtf

**COMPLAINT**
18

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL (310) 556-3800 FAX: (310) 556-3817

(k)     Representing that they would provide plaintiff MURPHY and/or his support staff with certified corporate training and ongoing support from members of CERTA's training and operations team.

(l)     Representing that they would provide plaintiff MURPHY with an accurate projection of costs to operate a Certa ProPainters Franchise in Santa Barbara, California, and

(m)     Failing to disclose two previous Certa Pro Painters Franchises that failed within close proximity to Plaintiff's purportedly exclusive territory.

53.     Defendants CERTA, and/or DOES 1-25, and each of them, knew such misrepresentations and omissions of fact were false when made as follows:

(a)     Plaintiff MURPHY did not have the financial ability and liquidity to operate a profitable Certa ProPainters franchise when Defendants accepted his application;

(b)     Defendants would not provide plaintiff MURPHY with an exclusive territory in which no other CERTA franchise or affiliated business would compete with Plaintiff;

(c)     Defendants would artificially limit plaintiff MURPHY's ability to obtain business for commercial jobs to projects over $15,000;

(d)     Defendants would not provide plaintiff MURPHY with work assignments from nationally known firms for painting jobs to be performed within his purportedly exclusive territory;

(e)     Defendants would establish CSI in Plaintiff's purportedly exclusive territory, whose purpose was to act as a middleman between plaintiff MURPHY and prospective clients;

Z:\files\302.091\2\302.091.2.3.rtf

COMPLAINT
19

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

(g)     Defendants would block Plaintiff's ability to generate good will and client and contact lists within his purported, exclusive territory;

(h)     Defendants would directly compete with Plaintiff;

(i)     Defendants would outsource painting jobs located in Plaintiff's purportedly exclusive territory to competitors of Plaintiff and not to Plaintiff.

(j)     Defendants would not provide plaintiff MURPHY with a tested and proven marketing system and/or marketing and corporate support;

(k)     Defendants would not provide plaintiff MURPHY and/or his support staff with certified corporate training and/or ongoing support from members of CERTA's training and operations team.

(l)     Defendants did not provide plaintiff MURPHY with an accurate projection of costs to operate a Certa ProPainters Franchise in Santa Barbara, California, and

(m)     Defendants failed to disclose and concealed two previous Certa Pro Painters franchises that had failed within close proximity to Plaintiff's purported, exclusive territory.

54.     Defendants CERTA, and/or DOES 1-25, and each of them, knew or should have known that the Santa Barbara, California Certa ProPainters Franchise would not experience sales sufficient to provide plaintiff MURPHY with the earnings to pay royalties and to pay monies to an advertising fund.  Especially, in light of the fact that Defendants knowingly and intentionally concealed and misrepresented the material facts that two previous Certa ProPainters failed within close proximity to Plaintiff's purported, exclusive territory, that CERTA would be operating

MOHAJERIAN LAW INC.
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf

1  another business, CSI, within Plaintiff's purported, exclusive territory.   Further, that upon

2  establishing CSI, Plaintiff would be limited to residential work and commercial work below

3  $15,000 unless he agreed to pay an 8% fee for jobs assigned to him by CSI even though those jobs

4  were within Plaintiff's purported exclusive territory and he could have obtained them on his own as

5  a fully licensed and insured contactor.

6

7      55.    Defendants CERTA, and/or DOES 1-25, and each of them, made the above

8  misrepresentations and omissions with the intention to defraud and deceive plaintiff MURPHY and

9  induce him into purchasing the franchise and to expend time, energy, and money to enter into the

10 Franchise Agreement and open his franchise in order for CERTA, and/or DOES 1-25, to receive

11 unwarranted franchise fees, royalty payments, interest and penalties while Defendants, knew

12 Plaintiff did not have the financial liquidity to open and operate the Santa Barbara franchise

13 location, for which Plaintiff has suffered and continues to suffer negative cash flow.

14

15     56.    Plaintiff further alleges on information and belief, that Defendants CERTA, and/or

16 DOES 1-25, and each of them, knew that the above-identified representations were false and made

17 the above-identified representations with the intention that Plaintiff would rely on them.

18

19     57.    At the time these misrepresentations and omissions were made, plaintiff MURPHY

20 did not know and had no reason to know that they were untrue and justifiably relied on Defendants'

21 acts and omissions to his detriment.

22

23     58.    Plaintiff's reliance on Defendants' representations set forth above was a substantial

24 factor in causing Plaintiff's harm.

25

26     59.    As a direct and proximate result of Defendants' fraudulent acts and omissions,

27 Plaintiff has suffered damages in excess of the jurisdictional limit of this court for which

28 Defendants are liable.

Z:\files\302.091\2\302.091.2.3.rtf

MOHAJERIAN LAW INC.
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

60. The above described acts and omissions on the part of CERTA, and/or DOES 1-25, and each of them, constitute fraudulent, oppressive and malicious conduct as those terms are defined in California *Civil Code* § 3294 and justifies an award of exemplary and punitive damages for the sake of example and by way of punishing Defendants for their egregious material acts and omissions.

## FOURTH CAUSE OF ACTION

*Negligent Misrepresentation*

**(Against Defendants CERTA PROPAINTERS, LTD., CERTAPRO PAINTERS COMMERCIAL SERVICES, CERTAPRO PAINTERS, LTD., THE FRANCHISE COMPANY (U.S.) INC., and DOES 1-25, and each of them)**

61. Plaintiff hereby realleges and incorporates herein by reference paragraphs 1-60 as though set forth in full herein.

62. As franchisors, defendants CERTA, and/or DOES 1-25, and each of them, had a duty of care to make accurate and truthful representations to Plaintiff, their franchisee.

63. Defendants CERTA, and/or DOES 1-25, and each of them, were negligent and in making the misrepresentations and omissions of material fact alleged herein.

64. Defendants CERTA, and/or DOES 1-25, and each of them, were obligated to know the accuracy of their representations and, thus, knew or should have known such misrepresentations of fact were false when made.

65. Plaintiff alleges on information and belief, that Defendants CERTA, and/or DOES 1-25, and each of them, had no reasonable grounds to believe that their representations were true

Z:\files\302.091\2\302.091.2.3.rtf

1  and made the above-identified representations with the intention that plaintiff MURPHY would

2  rely on them.

3

4     66.    Defendants' representations were, in fact, false set forth herein.

5

6     67.    Defendants CERTA'S, and/or DOES 1-25's, negligent misrepresentations and

7  omissions induced plaintiff MURPHY into signing the Franchise Agreement, purchase his

8  franchise and expend time, energy, and money to run and operate his franchise.

9

10    68.    Plaintiff reasonably relied on Defendants' representations.

11

12    69.    At the time these misrepresentations and omissions were made, plaintiff MURPHY

13  did not know and had no reason to know that they were untrue and justifiably relied on Defendants'

14  misrepresentations and omissions to his detriment.

15

16    70.    Plaintiff MURPHY's reliance on Defendants CERTA'S, and/or DOES 1-25's

17  representations set forth above was a substantial factor in causing Plaintiff's harm.

18

19    71.    As a direct and proximate result of Defendants' negligent acts and omissions,

20  plaintiff MURPHY has suffered damages in excess of the jurisdictional limit of this Court for

21  which Defendants are liable.

22

23                    **FIFTH CAUSE OF ACTION**

24                    *Fraud in the Enducement*

      **(Against Defendants CERTA PROPAINTERS, LTD., CERTAPRO PAINTERS**

25  **COMMERCIAL SERVICES, CERTAPRO PAINTERS, LTD., THE FRANCHISE**

26           **COMPANY (U.S.) INC., and DOES 1-25, and each of them)**

27

28    72.    Plaintiff hereby realleges and incorporates herein by reference paragraphs 1-71 as

Z:\files\302.091\2\302.091.2.3.rtf

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

though set forth in full herein.

73.     Defendants CERTA, and/or DOES 1-25, and each of them, willfully made misrepresentations and omissions of material fact to Plaintiff as set forth herein.

74.     Defendants CERTA, and/or DOES 1-25, and each of them, knew such misrepresentations and omissions of fact were false when made.

75.     Defendants CERTA, and/or DOES 1-25, and each of them, made the above misrepresentations and omissions with the intention to defraud and deceive plaintiff MURPHY and induce plaintiff MURPHY into entering into the Franchise Agreement and purchase the subject franchise as well as receive unwarranted franchise fees, development fees, royalty payments, interest and penalties.

76.     At the time these misrepresentations and omissions were made, plaintiff MURPHY did not know and had no reason to know that they were untrue and justifiably relied on Defendants' acts and omissions to his detriment.

77.     As a direct and proximate result of CERTA'S, and/or DOES 1-25's, fraudulent acts and omissions, Plaintiff MURPHY has suffered damages in excess of the jurisdictional limit of this Court for which Defendants are liable.

78.     The above described acts and omissions on the part of CERTA, and/or DOES 1-25, and each of them, constitute fraudulent, oppressive and malicious conduct as those terms are defined in California *Civil Code* § 3294 and justifies an award of exemplary and punitive damages for the sake of example and by way of punishing Defendants for their egregious material acts and omissions.

Z:\files\302.091\2\302.091.2.3.rtf

MOHAJERIAN LAW INC.
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

## SIXTH CAUSE OF ACTION

*Unfair Competition – B&PC §§17200 et seq.*

(Against Defendants CERTA PROPAINTERS, LTD., CERTAPRO PAINTERS COMMERCIAL SERVICES, CERTAPRO PAINTERS, LTD., THE FRANCHISE COMPANY (U.S.) INC., and DOES 1-25, and each of them)

79.     Plaintiff hereby realleges and incorporates herein by reference paragraphs 1-78 as though set forth in full herein.

80.     Plaintiff alleges that the acts and omissions of Defendants set forth herein constitute unlawful, unfair and/or fraudulent conduct prohibited under *California Business and Professions Code §§ 17200, et seq.*.

81.     Plaintiff further alleges on information and belief, that California has a public policy of protecting Franchisees from misrepresentations and/or fraud by franchisors with respect to the costs of opening and operating a franchised business along with earnings claims, as evidenced by the enactment of the California Franchise Investment Law (*Cal. Corp. Code §§ 31000, et seq.*), which requires Franchisors to make certain disclosures to Franchisees including costs to open and operate the Franchised business and any claims that the Franchisee can expect to reach a certain level of sales, income or profits so Franchisees will have some understanding as to their financial viability to open a Franchised business.   By requiring Plaintiff to enter into the Franchise Agreement containing an earnings claim disclaimer as a condition of obtaining a CERTA Franchise, Defendants are attempting to circumvent the protections afforded by the California Franchise Investment Law, *Corporations Code* §§ 31000 *et seq.*.

82.     On information and belief, plaintiff MURPHY does not have an adequate remedy at law to address Defendants' unfair business practices alleged herein.

83.     Plaintiff further alleges on information and belief, that unless CERTA, and/or DOES

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf

1   1-25, and each of them, are immediately enjoined from the unfair business practices alleged herein,

2   Plaintiff will suffer irreparable harm.

3

4        84.    Pursuant to *California Business and Professions Code* §§ 17200, *et seq.*, plaintiff

5   MURPHY requests the restitution of all amounts paid by him to Defendants proximately caused by

6   Defendants' misrepresentations, frauds, unfair and/or unlawful conduct as set forth herein.

7

8        85.    In addition, pursuant to *California Business and Professions Code* §§ 17200, *et seq.*,

9   plaintiff MURPHY requests an injunction to enjoin CERTA, and/or DOES 1-25, and each of them,

10   from their acts and omissions alleged herein as well as them from requiring Plaintiff to arbitrate his

11   claims, enforcing the damages limitations, waivers, or releases in the Franchise Agreement and/or

12   UFOC.

13

14   ### SEVENTH CAUSE OF ACTION

15   *Injunctive Relief*

16   **(Against Defendants CERTA PROPAINTERS, LTD., CERTAPRO PAINTERS**

17   **COMMERCIAL SERVICES, CERTAPRO PAINTERS, LTD., THE FRANCHISE**

    **COMPANY (U.S.) INC., and DOES 1-25, and each of them)**

18

19

20        86.    Plaintiff hereby realleges and incorporates herein by this reference paragraphs 1-85

21   as though set forth in full herein.

22

23        87.    Plaintiff MURPHY is unable to pay royalty fees because he has suffered from

24   negative cash flow since opening the Certa ProPainters franchise and continues to lose money.

25

26        88.    Plaintiff MURPHY is concerned CERTA, and/or DOES 1-25, and each of them,

27   will contact Plaintiff's accounts and others to interrupt Plaintiff's business even further.

28        89.    Plaintiff MURPHY is concerned CERTA, and/or DOES 1-25, and each of them,

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf

1   will try to prevent Plaintiff from using its trade name, logo, etc, in an effort to interrupt Plaintiff's

2   business even further.

3

4      90.    Plaintiff is trying to mitigate damages he has suffered as a direct and proximate

5   cause of Defendants' acts which will depend on their ability to keep the *status quo* and not allow

6   Defendants to make business worse.

7

8      91.    Plaintiff has no adequate remedy at law to keep the *status quo* and prevent

9   Defendants from interrupting their business.

10

11      92.    Defendants must be enjoined from requiring Plaintiff to pay royalties, interest and

12   penalties and from contacting Plaintiff's accounts or others, preventing Plaintiff from using the

13   trade name, logo, etc, or do any other act to interrupt Plaintiff's business, otherwise Plaintiff will be

14   irreparably harmed.

15

16                          **EIGHTH CAUSE OF ACTION**

17                              *Declaratory Relief*

18   **(Against Defendants CERTA PROPAINTERS, LTD., CERTAPRO PAINTERS**
     **COMMERCIAL SERVICES, CERTAPRO PAINTERS, LTD., THE FRANCHISE**

19           **COMPANY (U.S.) INC., and DOES 1-25, and each of them)**

20

21      93.    Plaintiff hereby realleges and incorporates herein by reference paragraphs 1-92 as

22   though set forth in full herein.

23

24

25      94.    An actual dispute has arisen between plaintiff MURPHY and CERTA, and/or DOES

26   1-25, and each of them, as to their rights and duties under the Franchise Agreement as it relates to

27   this proceeding.

28

MOHAJERIAN LAW INC.
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

95.     Plaintiff MURPHY therefore requests a declaration of his rights and duties as well as those of CERTA, and/or DOES 1-25, under the Franchise Agreement and UFOC

96.     In addition, plaintiff MURPHY requests a declaration by the Court with regard to the following issues:

(a) Whether the Franchise Agreement imposed on Plaintiff MURPHY by CERTA, and/or DOES 1-25, and each of them, as a condition of obtaining a Certa ProPainters franchise as a whole is a voidable and unconscionable contract of adhesion in violation of public policy under applicable California law, including without limitation, California *Civil Code* § 1670.5;

(b) Whether Defendants' following false representations constitute "unfair business practice" under *Business and Professions Code* § 17200 *et seq.*:   Defendants owned nationally known service marks, trademarks, logos, emblems and indicia of origin which collectively constitute the "Certa ProPainters" brand, along with a unique and proven System of franchise marketing and franchise support; Defendants had an effective franchise system and would provide Plaintiff with a high level of marketing, advertising, promotion, training and corporate support to plaintiff MURPHY;

(c) Whether Defendants' material misrepresentations to plaintiff MURPHY with respect to their obligations under the Franchise Agreement to provide a unique, proven system of marketing and corporate support to open and operate a Certa ProPainters franchise violated the California Franchise Investment Law, *Cal. Corp. Code* § 31000 *et seq.*;

MOHAJERIAN LAW INC.
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf

(d)  Whether Defendants' material misrepresentations to Plaintiff with respect to their obligations under the Franchise Agreement to provide a protected and purportedly exclusive territory within which plaintiff MURPHY was to operate a Certa ProPainters franchise were in violation of the California Franchise Investment Law, *Cal. Corp.Code* § 31000 *et seq.* and/or made Plaintiff a de facto employee or independent contractor of CERTA , not an independent franchisee;

(e)    Whether the choice of law provision in the Franchise Agreement is unenforceable because In addition, *Cal. Corp. Code* § 31001 (the California Franchise Investment Law) and California common law evidences that the State of California has a strong public policy interest in Franchises that are sold in California to California residents which are operated in California.  Moreover, the Franchise Agreement (see below) choice of law provision calls for the application of Pennsylvania Law which is contrary to a fundamental policy of California that is embodied in those laws and Plaintiff, MURPHY alleges and claims the need for protection against the Defendants' misrepresentations and other unfair practices.   [See *It's Just Lunch Int'l Llc v. Island Park Enter. Group, Inc.* (2008, CD Cal) 2008 US Dist LEXIS 89194 - using a California choice of law analysis, a choice of law provision in a franchise agreement requiring application of Nevada law was not enforced as to a counterclaim alleging a violation of the California Franchise Investment Law, *Cal. Corp. Code* § 31001, and the New York Franchise Sales Act, *N.Y. Gen. Bus. Law* § 681 et seq., because, while a franchisor showed a substantial relationship with Nevada given that it was a Nevada limited liability company, Nevada's law was contrary to a fundamental policy of California that was embodied in those laws; the franchisee claimed the need for protection against the franchisor's misrepresentations and other unfair practices.]

(f)    Whether Arbitration Clause in the Franchise Agreement is unenforced

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf

because it is substantively unconscionable as follows:   It 1) lacks mutuality without reasonable

justification by, *inter alia*, (A) requiring plaintiff MURPHY to arbitrate all of his claims while

expressly exempting CERTA from arbitrating all of its claims, if any, against Plaintiff, (B)

requiring Plaintiff to submit to venue in Philadelphia, Pennsylvania, while expressly allowing

CERTA, and/or DOES 1-25, to bring its actions against Plaintiff in any state or federal court with

jurisdiction, and (C) reserving the right (in the Franchise Agreement) for CERTA to designate the

organization the arbitrator(s) must belong to and the number of arbitrators that can hear each claim

based on the value of the claims; 2) requires plaintiff MURPHY to bear increased costs and

expenses he would not be required to bear if he were free to bring this action before the Courts in

California; and 3) limits the relief Plaintiff is afforded by law, all defects which are not severable;

In addition, whether the Franchise Agreement is an adhesion contract and the arbitration provision

contained therein is procedurally and substantively unconscionable.    That is, whether the subject

arbitration provision did not and does not fall within the reasonable expectations of MURPHY and

it whether it is unduly oppressive and unconscionable.    Under California law, an arbitration

provision contained in an adhesion contract will not be enforced if it does not fall within the

reasonable expectations of the adhering party or if it is unduly oppressive or unconscionable. [See

*Graham v. Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 820; *Bruni v. Didion* (2008) 160 Cal.App.4th

1272, 1288; *Murphy v. Check 'N Go of California, Inc.* (2007) 156 Cal.App.4th 138, 145; *Fittante*

*v. Palm Springs Motors, Inc.* (2003) 105 Cal.App.4th 708; *Patterson v. ITT Consumer Financial*

*Corp.* (1993) 14 Cal.App.4th 1659, 1664, cert. denied, 510 U.S. 1176 (1994); *Parr v. Superior*

*Court* (1983) 139 Cal.App.3d 440, 445.]   In addition, judicial refusal to enforce an arbitration

clause clearly unconscionable under a general contract law principle not at all hostile to arbitration

presents no obstacle to the objective of the FAA, and is not preempted by the FAA.   [See

*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 119; *Gutierrez v.*

MOHAJERIAN LAW INC.
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

*Autowest, Inc.* (2004) 114 Cal.App.4th 77, 86; *Flores v. Transamerica HomeFirst, Inc.* (2001) 93 Cal.App.4th 846, 856.]

(g) Whether the Arbitration Clause in the Franchise Agreement is unenforceable because it is procedurally unconscionable as adhesive, oppressive and one-sided as drafted by CERTA, and/or DOES 1-25, and each of them, in bad faith and without any input permitted from plaintiff MURPHY;

(h) Whether the damages limitations provision in the Franchise Agreement is unenforceable procedurally, substantively, objectively and/or subjectively.

(i)      Whether a fiduciary relationship exists between and among the parties.

WHEREFORE, Plaintiffs pray for judgment against the Defendants and each of them, as follows:

### First Cause of Action

### (Breach of Contract)

1.      For contractual, consequential and incidental damages according to proof in excess of the jurisdictional limits of this court

2.      For reasonable attorneys fees pursuant to the written agreement.

///

///

Z:\files\302.091\2\302.091.2.3.rtf

**COMPLAINT**
31

## Second Cause of Action

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

1.    For contractual, consequential and incidental damages according to proof in excess of the jurisdictional limits of this court;

2.    For reasonable attorneys fees pursuant to the written agreement;

## Third Cause of Action

### (Fraud )

1.    For compensatory damages, according to proof;

2.    For general damages, according to proof;

3.    For special damages, according to proof;

4.    For an award of interest, including prejudgment interest at the legal rate;

5.    For statutory damages and costs, including reasonable attorneys' fees and costs of suit;

6.    For an award of punitive damages according to proof;

7.    For rescission of the Franchise Agreement.

## Fourth Cause of Action

### (Negligent Misrepresentation)

1.    For compensatory damages, according to proof;

2.    For general damages, according to proof;

3.    For special damages, according to proof;

4.    For an award of interest, including prejudgment interest at the legal rate;

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf

5.    For statutory damages and costs, including reasonable attorneys' fees and

costs of suit;

6.    For an award of punitive damages according to proof;

7.    For an order requiring Defendants to show cause, if any they have, why they

should not be enjoined as set forth in this complaint, during the pendency of

this action;

## Fifth Cause of Action
## (Fraud in the Inducement)

1.    For general, contractual, consequential and incidental damages according to proof in

excess of the jurisdictional limits of this court;

2.    For rescission of the Franchise Agreement and Development Agreement;

3.    For punitive damages in an amount to be proven at the time of trial;

## Sixth Cause of Action
## (Unfair Competition)

1.    For injunction enjoining Defendants from;

(a)    Making representations that Defendants have a unique, proven

System of marketing and corporate support;

(b)    Misrepresenting the actual costs to open and operate a Certa

ProPainters Franchise;

(c)    Requiring Franchisees to arbitrate their claims, and;

(d)    Requiring Franchisees to waive and limit all damages;

2.    For restitution to Plaintiff in an amount to be proven at trial.

Z:\files\302.091\2\302.091.2.3.rtf

MOHAJERIAN LAW INC.
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

## Seventh Cause of Action
## (Injunctive Relief)

1.  For an injunction enjoining Defendants from;

    (a) Any act or conduct that would change the status quo or interrupt Plaintiff's

business, including but not limited to, contacting Plaintiff's accounts or others

and preventing Plaintiff from using the trade name, logo, etc.;

    (b) Collecting royalty fees, interest, penalties and late charges from Plaintiff

under the Franchise Agreement.

## Eighth Cause of Action
## (Declaratory Relief)

1.  For a declaration of the rights and duties of Plaintiff,  CERTA, and/or DOES

1-25,  under the Franchise Agreement with respect to whether:

    (a) The arbitration clause in the Franchise Agreement is a voidable and

unconscionable contract of adhesion;

    (b) The Franchise Agreement is a voidable and unconscionable contract

of adhesion;

    (c) Defendants made misrepresentations to Plaintiff with respect to their

obligations to provide a unique, proven System of marketing and

corporate support which induced Plaintiff to open and operate a Certa

ProPainters franchise in violation of the California Franchise

Investment Law, Cal.*Corp.Code* § 31000 *et seq.*

Z:\files\302.091\2\302.091.2.3.rtf

(d)  A fiduciary relationship exists between and among Plaintiff MURPHY and

CERTA, and/or DOES 1-25, and each of them;


## On All Causes of Action

1.  Actual and general damages in an amount to be proven at trial;

2.  Attorneys' fees and costs of suit;

3.  For an award of interest, including prejudgment interest at the legal rate;

4.  For such other and further relief as this Court deems just and proper;


Dated:   August 4, 2009                              MOHAJERIAN INC.


By: _____
     AL MOHAJERIAN, ESQ.
     DARREN P. SALUTE, ESQ.
     TRAVIS R. EAGAN, ESQ.
     Attorneys for Plaintiff, ROBERT MURPHY

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf

## DEMAND FOR JURY TRIAL

Plaintiff Robert MURPHY respectfully requests that all causes of action herein subject to trial by jury be tried before a jury.

August 4, 2009                                    *Respectfully Submitted,*

                                                  **MOHAJERIAN INC.**

                                                  By: _____
                                                  AL MOHAJERIAN, ESQ.
                                                  DARREN P. SALUTE, ESQ.
                                                  TRAVIS R. EAGAN, ESQ.
                                                  Attorneys for Plaintiff, ROBERT MURPHY

MOHAJERIAN LAW INC
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 556-3800 FAX: (310) 556-3817

Z:\files\302.091\2\302.091.2.3.rtf